**Nicole Robbins,** OSB 034330
nicole@robbinslaw-oregon.com
Robbins Law Oregon, LLC
21790 Willamette Drive
West Linn, OR 97068
Telephone 503-451-0477
Fax 503-719-8266
> Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| JAIDEN TERRY, | Case No. |
| Plaintiff, | |
| vs. | |
| UNITED STATES OF AMERICA, | **COMPLAINT** |
| Defendant. | Personal Injury Action – Negligence – 28 U.S.C. §2674; 28 U.S.C. §1346 |

Plaintiff ("JAIDEN TERRY") alleges as follows:

## JURISDICTION AND VENUE

1.

The claims asserted herein arise under Oregon Common Law Negligence.  This Court has original jurisdiction over this controversy pursuant to 28 U.S.C. §2674 (the United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to

the same extent as a private individual under like circumstances) and 28 U.S.C. §1346(b)(1) (civil actions on claims against the United States, for money damages for personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person would be liable to the claimant in accordance with the law of the place where the act or omission occurred).

2.

Proper venue for this action is in the United States District Court for the District of Oregon pursuant to 28 U.S.S §1346(b)(1) because a substantial part of the acts or omissions giving rise to the controversy occurred in Oregon.

## PARTIES

3.

At all times material, JAIDEN TERRY was and is a resident of Eugene, Lane County, Oregon.

4.

At all material times, Defendant UNITED STATES OF AMERICA was acting by and through Defendant U.S. DEPARTMENT OF ENERGY, BONNEVILLE POWER ADMINISTRATION (hereinafter referred to as "BPA"), and had working for it employees or agents who at all times material, were working within the course and scope of employment and were under the control, or right of control, of Defendant. All acts attributed to Defendant as alleged below were performed by and through said persons.

/// ///

/// ///

5.

Defendant has been given proper and timely notice of this claim for damages pursuant to 28 U.S.C., Chapter 171. Said notice was made within two years after the date of injury.

6.

Defendant responded to the notice of this claim by letter dated December 18, 2025, that it denies liability for the same. Filing of this action is therefore timely, pursuant to 28 U.S.C. §2675(a).

## CLAIMS FOR RELIEF

(Negligence)

7.

At all material times, a gentleman known by the name of William Reiff was an employee or agent of BPA (hereinafter referred to as "Defendant's agent").

8.

At all material times, Defendant's agent was acting within the course and scope of his employment or agency of Defendant.

9.

At all material times, Defendant's agent was driving a Ford F-150 pickup truck.

10.

At all material times, JAIDEN TERRY was a pedestrian walking near 572 E. Broadway in Eugene, Lane County, Oregon.

11.

At all material times, Broadway Street was and is a public road running generally east-west in Eugene, Lane County, Oregon.

12.

At all material times, a specialized crosswalk known as the "HAWK" was situated on Broadway Street near the University of Oregon to provide safe access for pedestrians crossing Broadway Street. "HAWK" is short for "High-Intensity Activated crossWalK" beacon. The signal is a pedestrian hybrid beacon. A pedestrian activates the signal when crossing which triggers a double red light that tells motorists to stop. The light then flashes red and a motorist may proceed if the pedestrian is no longer in the crosswalk and the crosswalk is clear.

13.

On or about November 12, 2024, at approximately 5:30 p.m., JAIDEN TERRY was crossing Broadway Street in the crosswalk near 572 E Broadway in Eugene, Oregon. Immediately prior to entering the crosswalk, JAIDEN TERRY activated the crosswalk light. The crosswalk light initially flashed yellow, then went solid red, then changed to flashing red. JAIDEN TERRY entered the crosswalk when the crosswalk light was solid red. JAIDEN TERRY was more than half-way through the crosswalk when the light changed to flashing red. At the same time, Defendant's agent was driving his Ford F-150 on Broadway Street in Eugene, Oregon. Defendant's agent failed to stop at the crosswalk and struck JAIDEN TERRY on the left side of her body as she was walking in the marked crosswalk and the light was flashing red. JAIDEN TERRY was forcefully knocked to the ground suffering the injuries as fully set forth below.

14.

At all material times, Defendant is vicariously liable for any negligent acts of Defendant's agent as alleged herein.

/// ///

15.

Defendant's agent was negligent in one or more of the following particulars which created a foreseeable and unreasonable risk of injury to JAIDEN TERRY:

a. In failing to stop of yield for a pedestrian;

b. In failing to maintain a proper lookout;

c. In failing to exercise due care; and

d. In failing to stop, slow, swerve or otherwise avoid striking PLAINTIFF'S person;

e. In failing to stop and remain stopped for pedestrian (negligence *per se*, ORS 811.028(1)(a)(b)).

16.

As a result of the negligence of Defendant's agent, JAIDEN TERRY suffered the following injuries and noneconomic damages, all of which were reasonable foreseeable:

a. Laceration to her skull, requiring staples to close;

b. Damage to the bone, muscle, ligaments, tendons, nerves, and other soft tissue of her leg and left knee;

c. Damages to the muscle, ligaments, tendons, nerves and other soft tissue of her right leg and knee;

d. Multiple abrasions and contusions to her face;

e. Pain, discomfort, and suffering; and

f. Inconvenience and interference with usual and everyday activities;

All to JAIDEN TERRY'S noneconomic damage in amount determined by the jury to be fair and reasonable, but not to exceed the sum of $115,000.00.

/// ///

17.

As a result of the negligence of Defendant's agent, JAIDEN TERRY incurred reasonable and necessary medical expenses in the approximate amount of $20,869.13, with additional amounts to be proven at trial.

WHEREFORE, PLAINTIFF prays for judgment against DEFENDANT as follows:

1. Assume jurisdiction matter over Plaintiff JAIDEN TERRY'S claims;

2. Award Plaintiff JAIDEN TERRY judgment against Defendant for noneconomic damage in an amount determined by the jury to be fair and responsible, but not to exceed the sum of $115,00.00.00;

A. Award Plaintiff JAIDEN TERRY judgment against Defendant for economic damages in an amount determined by the jury to be fair and reasonable, but not to exceed the sum of $20,869.13;

B. Award Plaintiff JAIDEN TERRY her costs and disbursements incurred herein; and

C. Award Plaintiff JAIDEN TERRY any other relief the Court deems appropriate.

DATED this 2nd day of March, 2026.

Nicole Robbins, OSB #034330
Email: nicole@robbinslaw-oregon.com
Trial Attorney for Plaintiff